# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS LITZINGER,

        Plaintiff,        CASE NO. 17-10674
                                    HON. DENISE PAGE HOOD

v.

ADVANCED INNOVATIVE
TECHNOLOGY CORPORATION,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO AMEND COMPLAINT [#20]

## I.    INTRODUCTION

On March 3, 2017, Plaintiff Thomas Litzinger ("Litzinger") filed the instant action against Defendant Advanced Innovative Technology Corporation ("AIT") and Wonh Industries Co. LTD ("Wonh"). (Doc # 1) Defendant Wonh was dismissed from this action on May 31, 2017. (Doc # 11) Following a scheduling conference on June 19, 2017, a Scheduling Order was issued setting a Discovery due date of November 20, 2017. (Doc # 13) On December 12, 2017, a Joint Stipulation and Amended Scheduling Order set a new Discovery due date of January 20, 2018. (Doc # 19) On December 28, 2017, Plaintiff filed the present Motion to Amend Complaint pursuant to Federal Rule of Civil Procedure 15(d).

1

(Doc # 20) Defendant filed a response on January 11, 2018. (Doc # 22) Plaintiff filed a Reply on January 16, 2018. (Doc # 23) For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Amend Complaint.

## II. PLAINTIFF'S PROPOSED AMENDMENTS

Litzinger filed this action for wrongful termination, alleging AIT violated Michigan's Elliot-Larsen Civil Rights Act (ELCRA). AIT filed an Answer with a counterclaim against Litzinger for Breach of Contract. (Doc # 10) Litzinger asserts that AIT's counterclaim is frivolous.

Litzinger worked for AIT from March 28, 2016 to August 29, 2016. (Doc # 22, Pg. 6) AIT terminated Litzinger. AIT offered Litzinger a severance package, which he accepted in exchange for signing a non-disclosure agreement and non-competition agreement that prohibited him from working for competitors or potential competitors of AIT for two years, among other things. (*Id.* at 7) Litzinger started a new job with MAS Industries in October 2016. (*Id.*) He was later fired from MAS Industries in August 2017. (*Id.*) MAS Industries distributes automotive parts that AIT plans to begin distributing in 2018. (*Id.*)

Litzinger seeks to amend his Complaint to add a second ELCRA retaliation claim against AIT for filing the breach of contract counterclaim against him. (Doc # 20-3) Litzinger alleges that AIT's counterclaim is frivolous because AIT did not suffer any competitive damage from Litzinger's employment with MAS Industries

2

and did not take action until after this lawsuit was filed. (Doc # 20, Pg. 11) Litzinger argues that a reasonable juror could conclude that the counterclaim was filed to retaliate against him for bringing this action against AIT. (*Id.*) Litzinger asserts that AIT will not suffer prejudice because he was scheduled to be deposed on January 17, 2018, which afforded AIT an opportunity to depose him on any questions regarding the proposed new claim. (*Id.* at 12) Finally, Litzinger asserts he did not know the factual basis of the second retaliation claim until after AIT executives were deposed on October 26, 2017, after the scheduled deadline to amend the pleadings. (Doc # 23, Pg. 3)

The Court will evaluate the present Motion under Fed. R. Civ. P. 15(a) because the standard for granting leave to file an amended complaint under Rule 15(d) is the same standard that is applied under Rule 15(a). *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996).

### III. APPLICABLE LAW & ANALYSIS

#### A. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Defendant does not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an

amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

    (1)    the delay in filing the motion,

    (2)    the lack of notice to the other party,

    (3)    bad faith by the moving party,

    (4)    repeated failure to cure deficiencies by previous amendments,

    (5)    undue prejudice to the opposing party, and

    (6)    futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g.*, *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.    Analysis**

AIT argues that Plaintiff's amendment should be denied because: (a) the amendment is not timely; (b) it will unfairly prejudice Defendant; and (c) the amendment is futile because Litzinger has not suffered damages. Defendant's

arguments are unpersuasive. AIT's brief focuses on the viability of Plaintiff's claim, but AIT's contention that the amendment would be futile is unavailing. The only issue to address is whether Litzinger has properly stated the second ELCRA claim.

Courts within the Sixth Circuit have found that filing a lawsuit or a counterclaim against a former employee can constitute retaliation under anti-discrimination statutes. *See, e.g.*, *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 WL 2291657, at *8 (N.D. Ohio May 25, 2017); *Carr v. TransCanada USA Servs. Inc.*, 2014 WL 6977651, at *2–3 (M.D. Tenn. Dec. 8, 2014); *E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 75 F. Supp. 2d 756, 758 (N.D. Ohio 1999) (explaining that courts in other jurisdictions have also found that "the filing of lawsuits, not in good faith and instead motivated by retaliation, can be a basis for a claim under Title VII"). AIT argues that Litzinger has not suffered damages to support the second ELCRA claim. The proposed Amended Complaint, however, clearly alleges Litzinger has suffered "economic damages," among other harms. (Doc # 20-3, Pg. 8–9, ¶ 47) If AIT wishes to further challenge the sufficiency of the proposed Amended Complaint, a dispositive motion should be filed.

The Court finds that Litzinger is not adding allegations that will require additional prolonged discovery. Litzinger's new claim is based on the testimony of people who have already been deposed. Defendant will not be required to incur

significant additional costs. The Court also notes that Litzinger has expressed a willingness to make himself available for further deposition regarding the added ELCRA claim.

Regarding the timing of the present Motion, Plaintiff's Motion to Amend Complaint was filed late in the discovery process, but it was filed during the discovery period. In addition, other than the fact that Litzinger did not move to amend the Complaint for an extended period of time, AIT has not presented the Court with a persuasive argument or evidence of potential prejudice, why the delay in moving to amend was unwarranted, or how the allegations fail to state a claim as a matter of law.

The Court concludes that, although it appears Plaintiff could have moved to amend the Complaint earlier in the proceedings: (1) AIT has not been harmed by a lack of notice; (2) there is no evidence Litzinger is acting in bad faith; (3) there have been no previous attempts to amend; (4) AIT will not be unduly prejudiced by the amendment; and (5) the amendment is not futile on its face.

The Court holds that Plaintiff may file an amended complaint and orders that Plaintiff immediately file the "First Amended Complaint," attached as "Exhibit Amended Complaint" (or "Exhibit 2") to its Motion to Amend Complaint.

AIT also makes an argument regarding the Amended Scheduling Order. AIT argues that Litzinger has failed to meet the "good cause" requirement of Fed. R.

Civ. P. 16(b) because (1) Litzinger failed to exercise the necessary diligence prior to the July 31, 2017 deadline to amend the pleadings, and (2) AIT will suffer prejudice if the Court allows the amendment. Regarding diligence, Litzinger asserts that it did not know the basis of the second retaliation claim until after reviewing the deposition testimony of AIT executives. The depositions in question took place on October 26, 2017, after the deadline to amend the pleadings. AIT's diligence argument is unpersuasive. The Court also finds that AIT will not suffer prejudice because AIT has not filed a dispositive motion in this case and AIT will not incur significant additional costs. Litzinger's current attempt to amend the Complaint is a valid attempt to add a claim of retaliation.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff Litzinger's Motion to Amend Complaint (Doc # 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must file the Amended Complaint within 14 days of the entering of this Order.

**IT IS FURTHER ORDERED** that the Court will issue an Amended Scheduling Order.

<u>S/Denise Page Hood</u>
Denise Page Hood
Chief Judge, United States District Court

Dated: August 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2018, by electronic and/or ordinary mail.

                                          <u>S/LaShawn R. Saulsberry</u>
                                          Case Manager